IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |
|---|---|
| STATE OF INDIANA, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-00106-DMT-CRH |
| ) | |
| ALEJANDRO MAYORKAS, et al., ) | |
| ) | |
| *Defendants.* ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants submit notice of two recent Supreme Court decisions in support of their arguments that Plaintiffs lack Article III standing. *See* Mem. in Supp. of Mot. to Dismiss ("Mot.") (ECF No. 57-1) at 9–16, 18–19; Reply (ECF 71) at 2–6.

First, in *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 144 S. Ct. 1540 (June 13, 2024), the Supreme Court unanimously held that the plaintiffs—doctors and medical associations—lacked Article III standing to challenge the FDA's decisions to relax certain regulatory requirements. In *Alliance*, the Court reaffirmed that a plaintiff "does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally," 144 S. Ct. at 1556, and emphasized that "some issues may be left to the political and democratic processes," since there is no general "overs[ight of] the conduct of the National Government by means of lawsuits in federal courts," *id.* at 1564–65 (citations and quotations omitted). The Court also reiterated that traceability and redressability are "substantially more difficult to establish" when "a plaintiff challenges the government's unlawful regulation (or lack of regulation) of someone else." *Id.* at 1556–57 (citations omitted).[1] It further reiterated that alleged

---

[1] The Supreme Court observed that "[i]n cases of alleged future injuries to unregulated parties from government regulation, the causation requirement and the imminence element of the injury

attenuated impacts do not suffice to establish injury. *Id.* at 1557, 1561. "[W]here the government action is so far removed from its distant (even if predictable) ripple effects . . . the plaintiffs cannot establish Article III standing." *Id.* at 1557. The Court rejected the *Alliance* plaintiffs' allegations of indirect, downstream "monetary" harm from the government's loosened regulation of certain medication. *Id.* at 1561–62. "Allowing doctors or other healthcare providers to challenge general safety regulations as unlawfully lax," the Court explained, "would be an unprecedented and limitless approach" to standing. *Id.* at 1562. This decision affirms that the Plaintiff States, which are not the subject of immigration policy, cannot establish standing to challenge alleged loosening of immigration regulation based on claims of indirect financial injury. *See* Mot. at 9–16; Reply at 6–7. Just as "[t]eachers in border states" may not "sue to challenge allegedly lax immigration policies that lead to overcrowded classrooms," *Alliance*, 144 S. Ct. at 1562, neither may Plaintiffs sue the government whenever they allege that a federal policy increases, even indirectly, the number of noncitizens in the State who may ultimately use State law enforcement, health care, and education resources, *see* Resp. to Mot. to Dismiss (ECF No. 61) at 8. Under Plaintiffs' theory of standing, all States would have standing to challenge "virtually every government action that they do not like"—an approach "flatly inconsistent with Article III." *See* 144 S. Ct. at 1562.

Next, in *Murthy v. Missouri*, --- S. Ct. ---, 2024 WL 3165801 (June 26, 2024), the Supreme Court held that the plaintiff states and individual social media users had failed to establish a "concrete link between their injuries"—suppression of speech on social media platforms—and federal government entities' communications with social media platforms. *Id.* at *17. The Supreme Court emphasized that there must be a sufficient causal connection between the claimed injury and the challenged governmental conduct to establish standing. *Id.* at *10–17. Here, like the plaintiffs in *Murthy* failed to demonstrate "a substantial risk of future injury that is traceable to the Government defendants and likely to be redressed by an injunction," *id.* at *13, Plaintiffs have

---

in fact requirement can overlap. Both target the same issue: Is it likely that the government's regulation or lack of regulation of someone else will cause a concrete and particularized injury in fact to the unregulated plaintiff?" *Alliance*, 144 S. Ct at 1558 n.2.

failed to adequately plead an injury that is traceable to the challenged governmental action—*i.e.*, the Rule and its exceptions to the rebuttable presumption of asylum ineligibility—or that could possibly be redressed by the relief sought, *see* Reply at 1–5.

Dated: July 3, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Counsel

By: /s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

PATRICK GLEN
CHRISTINA P. GREER
Senior Litigation Counsel

*Attorneys for Defendant*