IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |
|---|---|
| STATE OF INDIANA, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-00106-DMT-CRH |
| ) | |
| ALEJANDRO MAYORKAS, et al., ) | |
| ) | |
| *Defendants.* ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants submit notice of a recent decision in a state-led challenge to the Circumvention of Lawful Pathways Rule (Rule), which supports their arguments that the Plaintiff States in this case lack Article III standing. *See* Mem. in Supp. of Mot. to Dismiss ("Mot.") (ECF No. 57-1) at 9–12; Reply (ECF No. 71) at 6–7.

In *Texas v. Mayorkas*, No. 2:23-cv-00024, ECF No. 48, 2024 WL 3679380 (Aug. 5, 2024) (attached hereto as Exhibit A), the United States District Court for the Western District of Texas dismissed the state of Texas's complaint for lack of Article III standing. The complaint challenged the Rule's exception to the presumption of asylum ineligibility for those who preschedule an appointment to present at a land port of entry through the CBP One app, asserting that this appointment exception exceeds statutory authority and is arbitrary and capricious, and that the CBP One app's scheduling function is *ultra vires*. *Texas*, 2024 WL 3679380, at *3. The complaint alleged that Texas is injured because the Rule purportedly incentivized migration and because Defendants parole the majority of noncitizens who use the CBP One app. *See id.* at *2-3.

The court held that Texas had not alleged a cognizable injury for purposes of Article III standing. *Id.* at *7. It noted that, although Texas claimed increased healthcare, education, and law enforcement costs from increased numbers of noncitizens in its state, recent Supreme Court cases

have "narrowed plaintiffs' standing to challenge federal programs based on indirect, downstream monetary costs such as those Texas claims." *Id.* at \*6 (citing *Texas v. Mayorkas (Enforcement Priorities)*, 599 U.S. 670 (2023), and *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024)). In particular, it held that the principles set forth in *Texas (Enforcement Priorities)* apply to Texas's challenge to the Rule. *Texas*, 2024 WL 3679380, at \*7. The court explained that "[t]he Rule and its appointment exception do not involve the exercise of coercive power over Texas," and that "[t]he Rule implicates foreign-policy and law-enforcement discretion that Article II entrusts to the Executive Branch." *Id.* at \*7 (citing *Texas (Enforcement Priorities)*, 599 U.S. at 678-81). It also noted that Texas's complaint—like the complaint here—did not directly challenge parole policies, but instead challenged an asylum policy, distinguishing the case from *Florida v. United States*, No. 3:21-cv-1066, 2024 WL 677713 (N. D. Fla. Feb. 20, 2024). *Texas*, 2024 WL 3679380, at \*7 n.11.

Dated: August 8, 2024      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Senior Counsel

BRIAN C. WARD
Senior Litigation Counsel

By: /s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

PATRICK GLEN
CHRISTINA P. GREER
Senior Litigation Counsel

*Attorneys for Defendant*