IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Indiana et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security et al., <br><br> Defendants. | Case No. 1:23-cv-00106 |

### ORDER FOR ADDITIONAL BRIEFING

[¶1]   THIS MATTER comes before the Court on a Motion to Dismiss the Complaint for Lack of Jurisdiction and to Dismiss Counts I-III and VI-VIII for Failure to State a Claim, filed by the Defendants on September 11, 2023. Doc. No. 57. The Plaintiffs filed a Response on October 10, 2023. Doc. No. 61. The Defendants filed a Reply on November 14, 2023. Doc. No. 71. An amicus brief was filed by Immigration Reform Law Institute on October 18, 2023. Doc. No. 68. Defendants filed a Notice of Supplemental Authority on July 3, 2024. Doc. No. 75. Plaintiffs filed a Response on July 12, 2024. Doc. No. 76.

[¶2]   The Court has reviewed the briefing on file and additional briefing is necessary on two issues. First, the Plaintiff States have not given information as to the financial effect the Circumvention Rule exceptions has had since implementation. Second, the Court would like both

Parties to brief whether the Court should consider border crossing and asylum numbers as they stood at filing or if the Court should consider the numbers as they stand today.

[¶3]    Standing is a threshold issue the Court must resolve before reaching the merits of any case. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). For States challenging federal immigration policies, "[m]onetary costs are of course an injury." United States v. Texas, 599 U.S. 670, 676 (2023). Plaintiff States argue injury resulting from additional costs of education and healthcare. See Doc. No. 1, pp. 15–16. District courts in the Fifth Circuit look at harm in the immigration context by considering "whether the number of aliens, and the associated costs attributable to them, increased relative to those same numbers prior to the implementation of the challenged program." Arizona v. Garland, --- F. Supp. 3d ----, 2024 WL 1645417, at *11 (W.D. La. 2024); see also Texas v. United States, --- F. Supp. 3d ----, 2024 WL 1021068 (S.D. Texas 2024).

[¶4]    The Court finds Arizona v. Garland instructive since this case mirrors that case in that "the issue before the Court is not whether the Plaintiff States have been harmed by the cumulative effect of this administration's immigration policies and administrative actions. It is whether [the Circumvention Rule's exceptions], specifically, ha[ve] caused an economic injury in fact to the States." 2024 WL 1645417, at *12. Currently the Plaintiff States have given hypothetical costs associated with the Rule's exceptions. This is understandable since the Complaint was filed so soon after the Rule's implementation. The Court now needs further information to determine if the States have in fact had an economic injury due to the implementation of the Rule and its exceptions.

[¶5]    Additionally, the Court would like the Parties to brief the issue of what numbers are appropriate for the Court to consider. The impact of the Rule was largely hypothetical at the time of filing the Complaint on May 31, 2023. See Doc. No. 1. The Parties cited to implementation data

throughout September, October, and November 2023 when filing the Motion to Dismiss, Response, and Reply. Doc. Nos. 57-1, 61, 71, 71-1. Plaintiffs argue in their Response that a court may "take judicial notice of publicly available reports." Doc. No. 61, p. 10 (quoting <u>Owner-Operator Indep. Drivers Ass'n, Ind. V. U.S. Dep't of Transportation</u>, 831 F.3d 961, 968 (8th Cir. 2016)). The question becomes whether the Court should take judicial notice of the numbers as they exist at the time the Court decides the issue or if the Court should take notice only of the reported numbers as they are given to the Court in filings.

[¶6]    Accordingly, the Court **ORDERS** additional briefing by the Plaintiff States as to the effect of the asylum exceptions on their financial harms. The Court also orders briefing from all Parties on whether the Court considers border report numbers at filing or as of today. Briefing shall be submitted as follows:

- Plaintiffs' additional brief is due by **October 17, 2024**.
- Defendants' Response is due by **October 31, 2024**.
- No Reply briefs.

[¶7]    **IT IS SO ORDERED.**

DATED September 17, 2024.

Daniel M. Traynor, District Judge
United States District Court