IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Indiana et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security et al., <br><br> Defendants. | Case No. 1:23-cv-00106 |

## ORDER GRANTING MOTION TO DISMISS

### INTRODUCTION

[¶1]  THIS MATTER comes before the Court upon a Motion to Dismiss the Complaint for Lack of Jurisdiction and Motion to Dismiss Counts I-III and VI-VIII for Failure to State a Claim filed by the Defendants on September 11, 2023. Doc. No. 57. The Plaintiffs filed a Response on October 10, 2023. Doc. No. 61. The Defendants filed a Reply on November 14, 2023. Doc. No. 71. An amicus brief was filed by Immigration Reform Law Institute on October 18, 2023. Doc. No. 68. Defendants filed a Notice of Supplemental Authority on July 3, 2024. Doc. No. 75. Plaintiffs filed a Response on July 12, 2024. Doc. No. 76. For the reasons set forth below, the Motion to Dismiss for Lack of Jurisdiction is **GRANTED** and the Motion for Failure to State a Claim is found as **MOOT**.

### BACKGROUND

[¶2]  The facts for this order are taken from the Complaint and other filings in relation to these motions. Doc. Nos. 1, 57-1, 61, 68, 71, 75–76.

[¶3]    Noncitizen asylum is governed by the Immigration and Naturalization Act ("INA"). 8 U.S.C. § 1158, 1225. The Attorney General is tasked with establishing the procedures for asylum consideration. Id. § 1158(d). During an asylum interview, an immigration officer determines if the noncitizen has a "credible fear of persecution." Id. § 1225(b)(1)(B)(ii). This determination can be reviewed by an immigration judge within seven days. Id. § 1225(b)(1)(B)(iii)(III). If the noncitizen is given a "positive credible fear determination," they remain in the United States pending the outcome of their case, which can take years to resolve. 88 Fed. Reg. 31337.

[¶4]    During the COVID pandemic, a series of public health orders generally required the expulsion of noncitizens without entry paperwork who sought to enter the United States on the southern border, including those seeking asylum. These orders expired on May 11, 2023. To fill this gap, the Department of Homeland Security, the Department of Justice, and the Executive Office for Immigration Review proposed a rule, conducted a notice and comment period, and promulgated a final rule on May 11, 2023. 88 Fed. Reg. 31314 (May 16, 2023). The "Circumvention of Lawful Pathways" final rule (the "Rule") states noncitizens who present at the southern border "after traveling through a country other than their native country" carry a rebuttable presumption they are ineligible for asylum. 88 Fed. Reg. at 31321–23. Several exceptions to the Rule exist. The presumption does not apply to minors and "those who used certain orderly processes for entry," including making appointments for processing at a port of entry. Doc. No. 57-1, p. 6.

[¶5]    Plaintiff States brought this suit challenging the Rule's exceptions to the presumption on May 31, 2023, alleging seven counts of violation of the Administrative Procedure Act ("APA") and one non-statutory cause of action. Doc. No. 1, pp. 34–51. Counts I, II, and III claim the Defendants exceeded statutory authority by (1) relying on unlawful parole programs, (2) violating

the Secure Fence Act, and (3) relying on an unlawful Circumvention Program not approved by Congress. Counts IV and V allege the Rule's exceptions are arbitrary and capricious. Count VI claims a lack of notice and comment on six changes in the Rule that are not a logical outgrowth of the proposed rule. Count VII claims a failure to properly address Plaintiffs' comments during the notice and comment period. Finally, Count VIII claims a violation of INA for ultra vires conduct.

[¶6]    On September 11, 2023, Defendants filed a Motion to Dismiss under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court requested supplemental briefing on September 17, 2024. Doc. No. 83. Plaintiff States filed its brief on October 17, 2024. Doc. No. 85. Defendants filed their brief on November 8, 2024. Doc. No. 89.

## ANALYSIS

[¶7]    Defendants argue Plaintiffs lack both Article III and statutory standing and therefore the Court does not have subject matter jurisdiction over this case. Doc. No. 57-1, pp. 11–22.

[¶8]    Standing requires a concrete injury caused by the defendant that is redressable by the Court. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–62 (1992). Standing must be established at the time of filing the Complaint. Park v. Forest Serv. of U.S., 205 F.3d 1034, 1037 (8th Cir. 2000).

[¶9]    Plaintiffs argue the states are afforded special solicitude to establish standing. Massachusetts v. EPA, 549 U.S. 497, 520 (2007). However, states must meet Article III requirements. Missouri v. Biden, 52 F.4th 362, 369 (8th Cir. 2022).

[¶10]   For unregulated parties, the Court asks: "Is it likely that the government's regulation or lack of regulation of someone else will cause a concrete and particularized injury in fact to the unregulated plaintiff?" FDA v. All. for Hippocratic Med., 602 U.S. 367, 385 n.2 (2024). When states challenge federal immigration policies, "[m]onetary costs are of course an injury." Texas, 599 U.S. at 676.

[¶11]   Arizona v. Garland is very similar to the present case and looked at harm in the immigration context by considering "whether the number of aliens, and the associated costs attributable to them, increased relative to those same numbers prior to the implementation of the challenged program." Arizona v. Garland, --- F. Supp. 3d ----, 2024 WL 1645417, at *11 (W.D. La. 2024); see also Texas v. United States, --- F. Supp. 3d ----, 2024 WL 1021068 (S.D. Texas 2024). In Arizona v. Garland, as in this case, "the issue before the Court is not whether the Plaintiff States have been harmed by the cumulative effect of this administration's immigration policies and administrative actions. It is whether [the Circumvention Rule's exceptions], specifically, ha[ve] caused an economic injury in fact to the States." 2024 WL 1645417, at *12.

[¶12]   In this case, the Rule was not in effect at the time of filing. See Doc. No. 1. Since standing is considered by the facts as they were at filing, the Court will analyze the harm as speculative. Park, 205 F.3d at 1037. Injuries arising from "the predictable effect of Government action on the decisions of third parties" are valid to confer standing. Dep't of Com. v. New York, 139 S. Ct. 2551, 2566 (2019). The Ninth Circuit held that state costs in response to immigration regulation confer standing. City & Cnty. Of San Francisco v. USCIS, 944 F.3d 773, 787 (9th Cir. 2019). But the plaintiff "must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979).

[¶13]   States must provide services to those who qualify including public education, Medicaid, food stamps. Doc. No. 61, p. 8. An increase in persons within their borders would certainly be a harm to these states. The problem is that the States provide no evidence that this particular rule exception "demonstrates a realistic danger" of higher numbers of persons released into the United States. If a person presents to the border and qualifies under an exception to the Circumvention Rule, the only result is that they are not given a rebuttable presumption of ineligibility of asylum.

88 Fed. Reg. 31314, 31331. The exceptions do not result in automatic parole into the United States or even automatic asylum. While the predictable effect of parole is an increase in costs to States, there is no predictable effect of the asylum rule itself.

[¶14]   This case is distinguishable from San Francisco because in that case, the government agency admitted a result of the Rule would be "to encourage aliens to disenroll from public benefits," which would decrease Medicaid funding to the affected states. 944 F.3d at 786. In that case, the final rule had a logical and predictable impact. If the rule was changed, aliens would be encouraged to disenroll. The same is not true for the exceptions to the asylum rule. A lack of a rebuttable presumption does not encourage border officials to grant asylum. Even without the presumption, asylum seekers to prove they qualify for asylum before they are paroled into the country. Without a predictable effect in direct consequence of the rule, there is no Article III standing. Therefore, the Court must dismiss the Complaint.

## CONCLUSION

[¶15]   For the reasons stated above, the Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 57) is **GRANTED**. The Complaint is **DISMISSED**. The Motion to Dismiss for Failure to State a Claim is found as **MOOT**.

[¶16]   **IT IS SO ORDERED**.

DATED November 26, 2024.

Daniel Mack Traynor, District Judge
United States District Court